# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 20-4217 |
| FITNESS INTERNATIONAL, LLC d/b/a LA FITNESS | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this ____ day of _____, 2020, upon consideration of the Motion of Defendant Fitness International, LLC to Dismiss and Compel Arbitration, and Plaintiff's response thereto, it is hereby ORDERED that Defendant's Motion is GRANTED and Plaintiff is DIRECTED to arbitrate his claims pursuant to the parties' agreements.

BY THE COURT:

_____
Juan R. Sánchez, C.J.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 20-4217 |
| FITNESS INTERNATIONAL, LLC d/b/a LA FITNESS | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MOTION OF DEFENDANT FITNESS
INTERNATIONAL TO DISMISS AND COMPEL ARBITRATION**

Defendant Fitness International, LLC d/b/a LA Fitness, by and through its undersigned counsel, hereby submits this Motion to Dismiss and Compel Arbitration.

Fitness International seeks to compel arbitration of the claims of Plaintiff John Doe ("Plaintiff") pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and the written arbitration agreements that Plaintiff entered into with Fitness International.

[INTENTIONALLY LEFT BLANK]

-2-

In support of this Motion, Fitness International relies on the accompanying brief and exhibits, which are incorporated herein by reference.

Respectfully submitted,

Date:  December 1, 2020

*/s/ Erin K. Clarke*
Erin K. Clarke (Atty. I.D. 309331)
Montgomery McCracken Walker & Rhoads LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
(215) 772-1500
eclarke@mmwr.com

*Attorneys for Defendant Fitness International, LLC d/b/a LA Fitness*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE, | : |
|       Plaintiff, | : |
| | :   CIVIL ACTION |
| v. | : |
| | :   NO. 20-4217 |
| FITNESS INTERNATIONAL, LLC d/b/a LA FITNESS | : |
|       Defendant. | : |

**BRIEF OF FITNESS INTERNATIONAL IN SUPPORT OF ITS**
**MOTION TO DISMISS AND COMPEL ARBITRATION**

ON THE BRIEF:

Erin K. Clarke (Atty. I.D. 309331)
Montgomery McCracken Walker & Rhoads LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
(215) 772-1500
eclarke@mmwr.com
*Attorneys for Defendant Fitness International, LLC d/b/a LA Fitness*

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

    A. Factual Background ................................................................................................ 1

    B. Procedural Background ........................................................................................... 4

III. ARGUMENT ...................................................................................................................... 5

    A. Legal standard under the FAA ................................................................................ 5

    B. A valid agreement to arbitrate exists ....................................................................... 6

    C. The arbitration agreement encompasses Plaintiff's asserted claims ....................... 7

IV. CONCLUSION .................................................................................................................. 10

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*ACE Am. Ins. Co. v. Guerriero*,
   738 F. App'x 72 (3d Cir. 2018) ................................................................................................5, 6

*Allied-Bruce Terminix Cos. v. Dobson*,
   513 U.S. 265 (1995).........................................................................................................................5

*Asberry-Jones v. Wells Fargo Bank*,
   No. 19-83, 2019 WL 2077731 (E.D. Pa. May 20, 2019)..............................................................6

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986).....................................................................................................................8, 9

*Caparra v. Maggiano's Inc.*,
   No. 14-05722, 2015 WL 5144030 (E.D. Pa. Sept. 1, 2015) ........................................................7

*Chassen v. Fid. Nat'l Fin., Inc.*,
   836 F.3d 291 (3d Cir. 2016).............................................................................................................5

*Circuit City Stores v. Adams*,
   532 U.S. 105 (2001).........................................................................................................................5

*Dicent v. Kaplan Univ.*,
   758 F. App'x 311 (3d Cir. 2019) ....................................................................................................6

*Mackler v. Fitness Intl., LLC*,
   No. 16-80150, 2016 WL 7756623 (S.D. Fla. April 22, 2016).....................................................7

*Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*,
   247 F.3d 44 (3d Cir. 2001)...............................................................................................................8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983)..............................................................................................................................8

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
   388 U.S. 395 (1967).........................................................................................................................5

*In re Remicade (Direct Purchaser) Antitrust Litig.*,
   No. 18-3567, 2019 WL 4383407 (3d Cir. Sept. 13, 2019) .......................................................5, 6

*Soffiantini v. Fitness Intl., LLC*,
   No. 17-23854, 2018 WL 8335732 (S.D. Fla. May 21, 2018).......................................................7

## **TABLE OF AUTHORITIES**
### (continued)

**Page(s)**

**Statutes**

Civil Rights Act of 1964 Title VII ................................................................................. 2, 3, 8, 9

Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* ............................................................... 1, 5

Defendant Fitness International, LLC d/b/a LA Fitness, by and through its undersigned counsel, hereby submits this Brief in Support of its Motion to Dismiss and Compel Arbitration.

## I.   INTRODUCTION

In this employment discrimination and retaliation case, former Fitness International employee John Doe ("Plaintiff") alleges that Fitness International violated various federal, state, and local laws by transferring Plaintiff to a different Fitness International location in 2018 and ultimately terminating him in January 2020.  In sum, Plaintiff asserts twenty-three causes of action related to his employment, including wrongful termination based on his sexual orientation, retaliatory discharge, harassment based on sexual orientation, "direct retaliation," compensation discrimination, and failure to promote.

Although Plaintiff attempts to litigate these claims in a judicial forum, he waived the right to do so by signing Dispute Resolution Agreements that expressly require him to arbitrate claims arising out of the employment relationship at the time he was hired by the Company. Indeed, Plaintiff agreed to arbitrate claims related to his employment and termination from employment on two occasions – when he applied for employment and at the commencement of his employment.  Under these circumstances, the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, requires that the parties' agreement to arbitrate be enforced.

Accordingly, Fitness International respectfully requests that this Court dismiss Plaintiff's Complaint and grant its motion to compel arbitration pursuant to the parties' agreement.

## II.   BACKGROUND

### A.   Factual Background

As stated in the Complaint, Fitness International hired Plaintiff in April 2018 as a Janitor. (*See* Compl., ECF No. 1, at ¶ 20).  As part of Plaintiff's application for employment with Fitness International, he electronically signed a Dispute Resolution Agreement ("Application") on April

24, 2018.  (*See* Application at 2, attached as Ex. A).  The Application provided that "[a]s a condition of consideration for employment with Fitness International, LLC," he had to read and sign the Dispute Resolution Agreement.  (*See id.*).  The Application further clarified that "all claims or controversies" between the parties "whether or not arising out of or related to [his] application, employment, or its termination" would be resolved through arbitration.  (*See id.*).  As examples, the Application listed claims that would be subject to arbitration, including claims brought under Title VII of the Civil Rights Act of 1964.  (*See id.*).  Plaintiff also agreed that he understood that, if he filed a lawsuit "arising out of or relating to [his] candidacy for employment, employment [including its terms or compensation], or the cessation of employment," Fitness International may move to dismiss the lawsuit and compel arbitration.  (*See id.*).

Then, on April 30, 2018, at the commencement of his employment, Plaintiff executed a Dispute Resolution Agreement ("Agreement").  (*See* Dispute Resolution Agreement, attached as Ex. B).  As with his Application, the Agreement made clear that all claims or controversies between Plaintiff and Fitness International arising out of his employment or termination from employment would be resolved by arbitration, as follows:

> [T]he Company and I mutually consent to the resolution by arbitration of all claims or controversies described below, past, present, or future, whether or not raising out of or related to my application, employment, or its termination, that the Company may have against me or that I may have against the Company, its officers, directors, employees or agents, including all parent, subsidiary and affiliated entities, as well as their successors or assigns.

(Ex. B at 1).

To clarify the types of claims that would be subject to arbitration, the Agreement set forth examples of the potential covered claims:

> [C]laims include claims under federal, state, and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Fair Labor Standards Act, the Family and Medical Leave Act, the Uniformed Services Employment and Reemployment Rights Act, the law of contract and the law of tort.

(*Id.* at 1).

The Agreement and Rules and Procedures that accompanied the Agreement clarified that the documents affected his legal rights. (*See id.*; *see also* Ex. A at 1). Indeed, the Agreement explicitly advised Plaintiff that "[t]his Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. You may wish to seek legal advice before signing this Dispute Resolution Agreement." The Agreement provided Plaintiff seven days to withdraw his consent to the Agreement. (*See id.* (stating "I understand that I may withdraw my consent to this Agreement within seven (7) days from the date on which I sign below . . . .")).

Moreover, in bold print at the top of the document, the Agreement expressly referenced and urged Plaintiff to review the Dispute Resolution Rules and Procedures ("Rules and Procedures"), which were attached to the Agreement. (*See* Ex. C, Rules and Procedures). The Rules and Procedures, in turn, clarified the types of claims covered, stating that "[e]xcept as otherwise limited herein, any and all legal disputes, controversies, or claims whether or not arising out of, or relating to, an employee's application or candidacy for employment, employment or cessation of employment with the Company, shall be settled by final and binding arbitration . . . ." (*See id.* at 2). The Rules and Procedures further provided specific examples of claims subject to arbitration, including "Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991" and "state discrimination statutes." (*See id.*). Furthermore, Rule 3 specified that, if either party to the Agreement filed a lawsuit in

court, the parties agree that "the Court shall dismiss the lawsuit and require the parties to arbitrate the dispute." (*See id.* at 3).

By signing and not revoking the Agreement, Plaintiff consented to arbitration of claims arising out of his employment and termination of employment, including the claims asserted in this case.

### B. Procedural Background

On August 27, 2020, Plaintiff filed the Complaint in the United States District Court for the Eastern District of Pennsylvania. Plaintiff alleged that Fitness International violated various federal, state, and local discrimination laws with respect to his employment and termination (*See generally* Compl.). Specifically, Plaintiff alleged that Fitness International discriminated and retaliated against him by transferring him to a new location in 2018, reducing Plaintiff's schedule on an unknown date, denying Plaintiff's request for a pay increase, and ultimately terminated his employment in January 2020. Plaintiff further alleges that various co-workers made comments to him that Plaintiff claims were related to his sexual orientation or otherwise treated Plaintiff in a "denigrating and disrespectful manner."

On November 19, 2020, undersigned counsel sent an e-mail to Plaintiff's counsel requesting that Plaintiff agree to move this matter to arbitration pursuant to the Agreement between the parties. Counsel attached the Agreement and the Rules and Procedures. Counsel followed-up with Plaintiff's counsel via e-mail and phone on November 23, 25, and 30, 2020, advising that Fitness International intended to move to compel arbitration. Plaintiff's counsel has not responded to undersigned counsel's inquiries. Thus, Fitness International now timely files this Motion to Dismiss and Compel Arbitration.

### III.   ARGUMENT

#### A.   Legal standard under the FAA

The FAA states that an arbitration provision "in any maritime transaction or a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The Supreme Court has stated that this provision reflects a liberal federal policy favoring arbitration." *Chassen v. Fid. Nat'l Fin., Inc.*, 836 F.3d 291, 295 (3d Cir. 2016) (internal quotation marks omitted).

The United States Supreme Court has made clear that the FAA is extremely broad and applies to any transaction directly or indirectly affecting interstate commerce. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995); *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 (1967). Thus, arbitration agreements reached as part of an employment relationship are enforceable under the FAA. *Circuit City Stores v. Adams*, 532 U.S. 105, 109 (2001) (the FAA covers all employment contracts, except those involving transportation workers). "Pursuant to § 4 of the FAA, a party may petition a district court for an order compelling arbitration when the other party to a valid arbitration agreement refuses to arbitrate." *ACE Am. Ins. Co. v. Guerriero*, 738 F. App'x 72, 76 (3d Cir. 2018) (footnote omitted).

Prior to compelling arbitration, "courts must be satisfied that the parties have an agreement to arbitrate, because arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.* at 77 (internal quotation marks omitted). "[A] court must consider two gateway questions: (1) whether the parties have a valid arbitration agreement at all (i.e., its enforceability), and (2) whether a concededly binding arbitration clause applies to a certain type of controversy (i.e., its scope)." *In*

*re Remicade (Direct Purchaser) Antitrust Litig.*, No. 18-3567, 2019 WL 4383407, at *2 (3d Cir. Sept. 13, 2019) (internal quotation marks omitted). "[I]n applying state law at step one, [courts] do not invoke the presumption of arbitrability." *Id.* at *3 (emphasis and internal quotation marks omitted). "At step two, however, in applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement . . . due regard must be given to the federal policy favoring arbitration." *Id.* (internal quotation marks omitted).

### B.   A valid agreement to arbitrate exists

"[Courts] apply general state law principles to determine whether the parties have agreed to arbitrate." *Guerriero*, 738 F. App'x at 78. Under Pennsylvania law,[1] "contract formation requires: (1) a mutual manifestation of an intention to be bound, (2) terms sufficiently definite to be enforced, and (3) consideration." *Dicent v. Kaplan Univ.*, 758 F. App'x 311, 313 (3d Cir. 2019) (internal quotation marks omitted). "Furthermore, the Pennsylvania Supreme Court has held that arbitration agreements should not be extended by implication but rather parties should agree to arbitration in a clear and unmistakable manner." *Id.* (internal quotation marks omitted). "In the employment context, arbitration agreements will be upheld when they are specific enough (i.e. unambiguous) to cover the employee's claims and the employee has *expressly* agreed to abide by the terms of the agreement. *See Asberry-Jones v. Wells Fargo Bank*, No. 19-83, 2019 WL 2077731, at *5 (E.D. Pa. May 10, 2019) (emphasis in original) (brackets and internal quotation marks omitted).

Plaintiff signed and dated two agreements mandating arbitration of his claims in this case on April 24 and April 30, 2018. (*See* Ex. A, B). The Agreements expressly stated that Plaintiff

---

[1]Pennsylvania contract law governs here. *See Asberry-Jones*, 2019 WL 2077731, at *5 ("We apply Pennsylvania's contract law to determine whether a party entered into a valid and enforceable agreement to arbitrate.").

-6-

consented to arbitration of all claims or controversaries related to his employment and termination of employment and that his consent to arbitration was a condition of his employment. In clear language, the Agreement also notified Plaintiff that if he filed a lawsuit in court related to his employment or termination of employment, the Company may move to dismiss the lawsuit and compel arbitration pursuant to the Agreement. Plaintiff signed the Agreements, agreeing that he would resolve all claims by final and binding arbitration.

Moreover, at the time he received the Agreements, he was also provided with the Rules and Procedures, which reinforced the Agreements' focus on arbitration. In clear and unmistakable language, the Rules and Procedures explained that any claims related to Plaintiff's employment would be resolved through arbitration. (*See* Ex. B at 2).

In sum, Plaintiff agreed to arbitrate his claims on two occasions when he signed Agreements certifying his consent to the terms of the Dispute Resolution Program, which included an express waiver of the right to litigate certain claims in court. *See Soffiantini v. Fitness Intl., LLC*, No. 17-23854, 2018 WL 8335732 (S.D. Fla. May 21, 2018) (granting Fitness International's Motion to Compel and ruling that former employee must arbitrate her claims pursuant to the Dispute Resolution Agreement); *Mackler v. Fitness Intl., LLC*, No. 16-80150, 2016 WL 7756623 (S.D. Fla. April 22, 2016) (compelling arbitration of former employee's employment discrimination claims pursuant to the Dispute Resolution Agreement).[2]

---

[2] Plaintiff's agreement to arbitrate was supported by adequate consideration under Pennsylvania law. Fitness International offered Plaintiff employment and compensation in return for, among other things, his promise to arbitrate claims arising out of the employment relationship. Fitness International also promised to arbitrate any claims that it might have. "When both parties have agreed to be bound by arbitration, adequate consideration exists and the arbitration agreement should be enforced."*Caparra v. Maggiano's Inc.*, No. 14-05722, 2015 WL 5144030, at *4 (E.D. Pa. Sept. 1, 2015) (internal quotation marks omitted) (applying Pennsylvania law).

        **C.**      **The arbitration agreement encompasses Plaintiff's asserted claims.**

Plaintiff's claims against Fitness International also fall within the scope of the Arbitration Agreement and thus must be arbitrated. "To determine whether a claim falls within the scope of an arbitration agreement, the focus is on the factual underpinnings of the claim rather than the legal theory alleged in the complaint." *Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*, 247 F.3d 44, 55 (3d Cir. 2001) (internal quotations and citations omitted). Nevertheless, "the policy of the [FAA] requires a liberal reading of arbitration agreements" and thus all doubts about the scope of an arbitration agreement must be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23-25 (1983). An "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

Plaintiff's allegations in the Complaint fall squarely within the scope of the Arbitration Agreement. The Agreement describes its scope, stating that the parties agree to the "resolution by arbitration of all claims or controversies described below, past, present, or future, whether or not arising out of or related to [Plaintiff's] application, employment, or its termination." (*See* Exs. A, B). The Agreement further clarified: "By way of example only, such claims include claims under federal, state and local statutory or common law, such as . . . Title VII of the Civil Rights Act of 1964, as amended . . . " (*See id.* at 1).

The Rules and Procedures further demonstrate that Plaintiff's claims in the Complaint are covered. The Rules and Procedures provide a broad statement regarding the types of claims covered by the Agreement:

> Except as otherwise limited herein, any and all legal disputes, controversies or claims whether or not arising out of, or relating to, an employee's application or candidacy for employment,

> employment or cessation of employment with the Company, shall be settled exclusively by final and binding arbitration before a neutral, third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures.

(Ex. C at 1).  Furthermore, as examples, the Rules and Procedure that claims subject to arbitration include claims arising under Title VII of the Civil Rights of 1964, as amended and state discrimination statutes.

Where, as here, the clause is broad, there is a heightened presumption of arbitrability such that "'[in] the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.'"  *AT&T Techs.*, 475 U.S. at 650.  The Rules and Procedures further identify a complete list of claims not covered by the Agreement, which do not include Plaintiff's claims that Fitness International discriminated against him and retaliated against him in violation of various federal, state, and local laws.  (*See* Ex. C at 2).  The Agreement thus provided Plaintiff with sufficient notice that claims such as those presented in his Complaint would be resolved through arbitration.

Accordingly, because Plaintiff's claims fall within the scope of the Agreement, this Court should dismiss the Complaint and compel arbitration of Plaintiff's claims.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant Fitness International respectfully requests that this Court grant its Motion to Dismiss and Compel Arbitration and require Plaintiff to arbitrate his claims pursuant to the parties' agreements.

Respectfully submitted,

Date:  December 1, 2020

*/s/ Erin K. Clarke*
Erin K. Clarke (Atty. I.D. 309331)
Montgomery McCracken Walker & Rhoads LLP
1735 Market Street, 21st Floor
Philadelphia, PA 19103
(215) 772-1500
eclarke@mmwr.com

*Attorneys for Defendant Fitness International, LLC d/b/a LA Fitness*

## **CERTIFICATE OF SERVICE**

    I, Erin K. Clarke, hereby certify that on the 1st day of December, 2020, the foregoing Motion of Fitness International, LLC d/b/a LA Fitness to Dismiss and Compel Arbitration has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that I caused a true and correct copy of same to be served upon the following counsel for Plaintiff via electronic filing:

Justin F. Robinette, Esquire
Law Offices of Eric Shore
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA  19102
JustinR@ericshore.com

*Attorneys for Plaintiff John Doe*

Date:  December 1, 2020                 /s/ *Erin K. Clarke*
                                                        Erin K. Clarke